**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| COCO ENERGY, L.L.C., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 5:16-cv-623 |
| | § | |
| CHESAPEAKE LOUISIANA, L.P. and | § | |
| CHESAPEAKE OPERATING, L.L.C., | § | |
| | § | |
| *Defendants.* | § | |

### NOTICE OF REMOVAL

Chesapeake Louisiana, L.P. ("Chesapeake Louisiana") and Chesapeake Operating, L.L.C. ("Chesapeake Operating") (collectively "Defendants"), with full reservation of all defenses, objections, and rights, respectfully represent the following:

1.

The matter entitled *"CoCo Energy, L.L.C. v. Chesapeake Louisiana, L.P., et al."* Docket No. 77330, was filed in the Forty-Second Judicial District Court for the Parish of DeSoto, State of Louisiana on or about April 15, 2016 (the "State Court Action").

2.

Service of process was made upon Chesapeake Louisiana on April 21, 2016 through Chesapeake Louisiana's agent for service of process, CT Corporation System. Service of process was made upon Chesapeake Operating on April 21, 2016, through Chesapeake Operating's agent for service of process, CT Corporation System. Thus, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because the Notice was filed in this Court within thirty (30) days after the receipt by formal service on any defendant of a copy of Plaintiff's Petition. *See* 28 U.S.C. § 1446(b).

3.

Defendants are filing Corporate Disclosure statements simultaneously with this Notice of Removal.  *See* Local Civil Rule LR5.6 (requiring a non-governmental corporate party to an action to file in duplicate a statement identifying all its parent corporations and any publicly traded company that owns 10 percent or more of the party's stock "as soon as practicable").

4.

The State Court Action was instituted by Plaintiff as a civil action, which, based on the nature of damages prayed for therein, seeks payment in an amount exceeding $75,000.00, excluding interest and costs.

5.

Plaintiff CoCo Energy, L.L.C. is now, and was at the time the State Court Action was filed, a citizen of Louisiana and no other states.  For diversity jurisdiction purposes, a limited liability company is a citizen of all states in which its members are citizens.  *Alsobrook v. GMAC Mortgage, L.L.C.*, 541 Fed. Appx. 340, 342 (5th Cir. 2013); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Based on publicly available information, Plaintiff is a limited liability company whose sole member is William Jefferson Cole.  Based on publicly available information, William Jefferson Cole is now, and was at the time the State Court action was filed, domiciled in, a resident of, and therefore a citizen of the state of Louisiana. Thus, Plaintiff is a citizen of Louisiana for diversity purposes.

6.

Chesapeake Louisiana is now, and was at the time the State Court Action was filed, a citizen of Oklahoma and no other states.  For diversity jurisdiction purposes, a limited partnership has the citizenship of each of its partners.  *Corfield v. Dallas Glen Hills, L.P.,* 355

F.3d 853, 865 (5th Cir. 2003).  Chesapeake Louisiana's general partner is Chesapeake Operating, L.L.C. (f/k/a Chesapeake Operating, Inc.).   Chesapeake Louisiana's sole limited partner is Chesapeake Energy Louisiana Corporation.   Defendant Chesapeake Operating, L.L.C. is a limited liability company whose sole member is Chesapeake Energy Corporation, an Oklahoma corporation with its principal place of business in Oklahoma. Chesapeake Energy Louisiana Corporation is an Oklahoma corporation with its principal place of business in Oklahoma. Therefore, Chesapeake Louisiana is a citizen of the state of Oklahoma for diversity purposes.

7.

Defendant Chesapeake Operating, L.L.C. is now, and was at the time the State Court Action was filed, a citizen of Oklahoma and no other states.  Chesapeake Operating, L.L.C. is a limited liability company whose sole member is Chesapeake Energy Corporation, an Oklahoma corporation with its principal place of business in Oklahoma.  For diversity jurisdiction purposes, a limited liability company is a citizen of all states in which its members are citizens. *Alsobrook v. GMAC Mortgage, L.L.C.*, 541 Fed. Appx. 340, 342 (5th Cir. 2013); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Therefore, Chesapeake Operating, L.L.C. is a citizen of Oklahoma for diversity purposes.

8.

Because Plaintiff is a citizen of Louisiana and Defendants are citizens of Oklahoma, this is a civil action between citizens of different states and there is complete diversity of citizenship between the Plaintiff and Defendants under 28 U.S.C. § 1332(a).

9.

This Court has original jurisdiction of this matter under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014). Further, in establishing the amount in controversy, Defendants may rely on allegations in Plaintiff's Petition. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008) (a "complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal."); *see also In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking at the complaint as it existed at the time the petition for removal was filed."). The court may refer to the types of claims alleged and the nature of the damages sought. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

It is facially apparent from reviewing Plaintiff's allegations and claims in its Petition that the amount in controversy exceeds $75,000.00, exclusive of costs and interest. Plaintiff alleges that that it is a royalty owner under a mineral lease entered into in 2008 and subsequently assigned to Defendants. Plaintiff's Petition ¶¶ 2-4.

Plaintiff claims that Defendants have underpaid royalties for gas produced in connection with the lease by "improperly deduct[ing] certain costs from the gross value attributable to [Plaintiff's] royalty interest which is in contravention of the terms of the Lease, specifically but not limited to provision No. 2 within the Lease's addendum, including, without limitation,

gathering, treating, compression and transportation costs." *Id.* at ¶ 13.  Plaintiffs further claim that Defendants "improperly deducted amounts from [Plaintiff's] royalty interest which are not only expressly prohibited in the Lease, but are not properly chargeable under Louisiana law[.]" *Id.* at ¶ 14.  Based on these allegations, Plaintiff claims as damages "all unpaid royalty amounts due, along with the addition of penalties including double damages equal to the amount due, legal interest on those amounts from the date each is due, as well as all costs and reasonable attorney's fees[.]"  *Id.* at ¶ 26.

Based on the nature of Plaintiff's claims – claims regarding royalty payments under an oil and gas lease entered into in 2008 and involving a producing well – and monetary relief sought of "double the amount of royalties" allegedly due, plus statutory attorneys' fees,[1] it is facially evident that Plaintiff seeks to recover over $75,000.00, exclusive of costs and interest. *See, e.g., Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001) (finding by a preponderance of the evidence that the amount in controversy exceeded $75,000, exclusive of costs and interest, when petition sought unspecified amount of damages covering one oil and gas lease for royalties and gross values of minerals extracted from four oil and gas wells).

10.

Because (a) this action is wholly between citizens of different states; (b) Defendants are not citizens of Louisiana; and (c) the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interest, this Court has original subject-matter jurisdiction over this case under 28 U.S.C. § 1441 and 28 U.S.C. § 1332. Removal of this action based on diversity of citizenship is proper because none of the parties in interest properly joined and

---

[1] *See Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990) (recognizing that statutory attorney's fees are included in the amount in controversy).

served as defendants is a citizen of Louisiana, where this action was brought.  28 U.S.C. § 1441(b)(2).

11.

The United States District Court for the Western District of Louisiana, Shreveport Division, is the district and division in which the State Court Action was pending.  *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(a)(2).

12.

Defendants desire to remove the State Court Action to this Court.

13.

Defendants file a copy of all process, pleadings, and orders in the State Court Action along with this Notice of Removal.  These documents are attached *in globo* to this Notice of Removal as Exhibit A-1.

14.

Undersigned counsel certify that immediately following the filing of this Notice of Removal, written notice of filing removal, along with a copy of this Notice of Removal, will be served on Plaintiff by and through its attorney of record, as required by 28 U.S.C. § 1446(d).

15.

Undersigned counsel certify that a notice of filing removal, along with a copy of this Notice of Removal, is being filed with the Clerk of Court for the Forty-Second Judicial District Court for the Parish of DeSoto, State of Louisiana on the same date as this filing.

16.

By removing this action to this Court, Defendants do not waive any defenses, objections, or motions available under state or federal law.

Notice of Removal—Page 6
522221 000561 17155687.1

WHEREFORE, Defendants Chesapeake Louisiana, L.P. and Chesapeake Operating, L.L.C. hereby remove the State Court Action to the United States District Court for the Western District of Louisiana, Shreveport Division, in accordance with 28 U.S.C. §§ 1441 and 1446. Defendants respectfully ask that this Court assume jurisdiction over this action and that all further proceedings in the State Court Action be stayed.

Dated: May 6, 2016.

Respectfully submitted,

THOMPSON & KNIGHT LLP

By: */s/ Jane Politz Brandt*
Jane Politz Brandt
Louisiana Bar No. 17479
Texas Bar No. 02882090
1722 Routh Street, Suite 1500
Dallas, TX 75201
(214) 969-1700
Facsimile: (214) 969-1751
Jane.Brandt@tklaw.com

**ATTORNEYS FOR DEFENDANTS**

**Of Counsel:**

Greg Curry
State Bar No. 05270300
Greg.curry@tklaw.com

Craig A. Haynes
State Bar No. 09284020
Craig.haynes@tklaw.com

Rachelle H. Glazer
State Bar No. 09785900
Rachelle.glazer@tklaw.com

THOMPSON & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
(214) 969-1700
Facsimile: (214) 969-1751

Jennifer P. Henry
State Bar No. 15859500
Jennifer.henry@tklaw.com

THOMPSON & KNIGHT LLP
801 Cherry Street, Suite 1600
Fort Worth, TX 76102
(817) 347-1733
Facsimile: (214) 999-1616

Notice of Removal—Page 8
522221 000561 17155687.1

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was filed electronically on May 6, 2016, and, in compliance with Local Civil Rule LR5.3 a copy of this document has been served on counsel of record for Plaintiff by mailing it postage prepaid.

*/s/ Jane Politz Brandt*_____
Jane Politz Brandt